# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENDRICK LEE ROBBINS,<br>No. 15515-041,<br><br>    Petitioner,<br><br>vs.<br><br>T. G. WERLICH,<br><br>    Respondent. | Case No. 18-cv-145-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Now before the Court is Respondent's Motion to Dismiss the Petition for writ of habeas corpus (Doc. 13), which was filed on June 15, 2018. Petitioner Kendrick Lee Robbins responded to the motion with "Petitioner's Opposition to Respondent's Motion to Dismiss." (Doc. 24). For the following reasons, the Motion to Dismiss is denied.

### Relevant Facts and Procedural History

Robbins brought this action pursuant to 28 U.S.C. § 2241 on January 29, 2018. (Doc. 1). He challenges the enhancement of his sentence as an armed career offender pursuant to 18 U.S.C. § 924(e). He asserts that under *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016), his previous convictions for drug trafficking in New Mexico, and for 4th-degree aiding and abetting assault in Minnesota, no longer qualify as predicate offenses to support the enhanced sentence.

On June 10, 2011, Robbins was sentenced in the District of Minnesota to 180 months in prison after pleading guilty to possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1). *United States v. Robbins*, Case No. 10-cr-310 (D. Minn.) (criminal case). Both Robbins and the Government agreed that Robbins qualified for sentencing as an armed

career criminal, as set forth in the plea agreement, because he had at least three prior convictions for a "violent felony" or "serious drug offense" as defined in § 924(e). (Doc. 12-1, pp. 2, 5-6; Doc. 13, pp. 2-3). The parties contemplated that the applicable guideline sentencing range would be either 188-235 months (if the total offense level were 31), or 180-210 months (for a total offense level of 30), and a criminal history category of VI.[1] (Doc. 12-1, p. 2). The 180-month sentence Robbins received was the mandatory statutory minimum sentence for the offense, after application of the recidivist enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). (Doc. 12-1, p. 20). Robbins did not file a direct appeal.

In 2016, he filed a motion under 18 U.S.C. § 2255, challenging his enhanced sentence on the basis that his prior offense for possession with intent to distribute cocaine did not qualify as a "serious drug offense" under § 924(e)(2)(a)(ii). *United States v. Robbins*, Case No. 16-cv-1855 (D. Minn.) (Doc. 63 in criminal case No. 10-cr-310).[2] He initially included a challenge to the use of his 4th-degree aiding and abetting assault conviction as a predicate crime, pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), but then abandoned that argument. *Id.* Robbins asserted that the cocaine conviction was not a "serious drug offense" because the applicable penalty was only a maximum 9-year sentence, while the § 924(e) definition requires that a predicate controlled substance offense must have a maximum sentence of 10 years or more. (Doc. 63, p. 3, in criminal case No. 10-cr-310); 18 U.S.C. § 924(e)(2)(A)(ii).

On October 5, 2016, the trial court denied the Section 2255 motion as untimely. It also rejected his attack on the drug conviction on the merits, finding that at the time of Robbins's

---

[1] Robbins claims that without the ACCA enhancement, his guideline sentencing range would have been 37-87 months. (Doc. 1-1, p. 2). Respondent disputes this, referencing the PSR calculation that the non-enhanced range would have been 110-137 months, based on an offense level of 25 and criminal history category of VI. (Doc. 13, p. 4).

[2] All documents relating to the Section 2255 proceeding are docketed in Robbins's criminal case, No. 10-cr-310 (D. Minn.).

conviction, the Tenth Circuit had construed the New Mexico statute under which he was convicted to authorize a sentence of up to 12 years, which satisfied the ACCA definition of a serious drug offense. (Doc. 63, pp. 5-7, in criminal case).

## Grounds Asserted for Habeas Relief

Citing *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016), Robbins argues that his 2009 New Mexico conviction for possession with intent to distribute cocaine is no longer a "serious drug offense" for ACCA-enhancement purposes, because (1) the New Mexico statute is broader than the generic federal statute as it would allow a conviction for a mere "offer to sell," and (2) the maximum punishment for the offense was only 9 years, not 10 as required by 18 U.S.C. § 924(e)(2)(A)(ii). (Doc. 1, pp. 6-7; Doc. 1-1, pp. 4-9). Further applying the analysis in *Mathis*, he claims that his 1996 Minnesota 4th-degree aiding and abetting assault conviction no longer qualifies as a "violent felony." (Doc. 1, p. 7; Doc. 1-1, pp. 9-11).[3] As such, his enhanced sentence under the ACCA allegedly constitutes a miscarriage of justice and should be vacated. (Doc. 1-1, pp. 12-14).

## Motion to Dismiss

Respondent argues that Robbins's Section 2241 Petition does not come within the "savings clause" of Section 2255(e) because the rule of statutory analysis set forth in *Mathis* is not relevant to a determination of whether the prior assault convictions or drug conviction qualify as predicate offenses under the ACCA. (Doc. 13, pp. 8-18). Thus, Robbins's claims do not truly "rely" on *Mathis*. Because the Minnesota felony assault offenses universally require the "use, attempted use, or threatened use of physical force against another," they fit within the ACCA definition of "violent felony," and remain as applicable predicate convictions. (Doc. 13, pp. 8-10). Further, Respondent

---

[3] Robbins does not raise any argument to challenge the use of his 1995 Minnesota conviction for assault-1st degree and assault-2nd degree. (*See* Doc. 13, p. 3; Doc. 1-1, pp. 9-11).

disputes the contention that the New Mexico trafficking statute allows a conviction for an "offer to sell" a controlled substance offense, which would criminalize a broader range of conduct than is included in the ACCA definition of "serious drug offense." (Doc. 13, pp. 18-20).

## Petitioner's Response to Motion

Robbins raised several new arguments regarding the New Mexico drug conviction in his reply to the motion to dismiss. (Doc. 24). These include: (1) the "person" element in the New Mexico statute is overbroad (Doc. 24, p. 13); (2) Robbins's plea of "nolo contendere" meant that he never admitted to all essential elements of the offense, undermining its use as a predicate for the sentence enhancement (Doc. 24, pp. 15-17); and (3) the controlled substance analog element in the New Mexico statute is overbroad as it includes substances not listed in the federal statute (Doc. 24, pp. 19-21). While Robbins does not cite any cases other than *Mathis* in support of this last argument, it echoes the issues raised in recent litigation in this Circuit, as well as at least one other. *See, e.g., United States v. Elder*, 900 F.3d 491 (7th Cir. 2018); *United States v. Guerrero*, -- F.3d --, No. 17-1851-CR, 2018 WL 6441111 (2d Cir. Dec. 10, 2018).

Robbins also correctly points out that Respondent's motion to dismiss failed to address his claim that the New Mexico conviction was improperly used as a predicate because the maximum penalty was less than 10 years. (Doc. 24, pp. 22-24).

## Discussion

Robbins urges that he is entitled to prevail on the motion to dismiss (and on the relief sought in the Petition) because Respondent's failure to address his argument on the 9-year maximum sentence for the New Mexico conviction amounts to a concession on that point. (Doc. 24, pp. 23-24). *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."). Robbins cannot raise that argument under the

umbrella of Section 2241, however, because he could have raised it in a timely-filed Section 2255 motion.

Robbins raised the 9-year sentence argument in his tardy Section 2255 motion, filed in 2016. (Docs. 57, 62, in criminal case, No. 10-cr-310 (D. Minn.)). The Section 2255 motion was dismissed on the basis of untimeliness, but the court also discussed and rejected the merits of the claim that the New Mexico statute allowed for only a 9-year maximum penalty. At the time of Robbins's 2009 New Mexico conviction, the state statute authorized an upward variance from the basic sentence if aggravating circumstances were present, which raised the maximum sentence for his offense from 9 years to 12 years. (Doc. 63, pp. 5-6, in criminal case) (citing *United States v. Hill*, 539 F.3d 1213, 1221 (10th Cir. 2008); and *United States v. Romero-Leon*, 488 F. App'x 302, 303-04 (10th Cir. 2012)). Robbins's drug trafficking conviction was thus properly considered a "serious drug offense" within the meaning of § 924(e)(2)(A). The Tenth Circuit in *Hill* and *Romero-Leon* interpreted a Supreme Court decision, *United States v. Rodriquez*, 553 U.S. 377 (2008), as directing that when calculating the potential penalty, a court should "focus on the maximum statutory penalty for the offense, not the individual defendant." *Hill,* 539 F.3d at 1219-21.

In 2014, the Tenth Circuit "revert[ed] back to [its] prior precedent" after examining the Supreme Court's interpretation of its *Rodriquez* holding in *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 577 n.12 (2010). *United States v. Brooks*, 751 F.3d 1204, 1210-11 (10th Cir. 2014). The *Brooks* court stated:

> [I]n *Hill* we interpreted *Rodriquez* to mean the most severe recidivist increase possible *always* applies when calculating a maximum sentence, whereas the Supreme Court has now interpreted *Rodriquez* to mean a recidivist increase can *only* apply *to the extent that a particular defendant was found to be a recidivist.*

*Brooks*, 751 F.3d at 1210 (emphasis in original).

The Section 2255 court observed that if Robbins were "convicted of the same offense post-*Brooks*, it may be that it would not count as a 'serious drug offense' under the ACCA." (Doc. 63, p. 7, in criminal case). Because *Brooks* was not a Supreme Court case that set forth a new constitutional rule, however, relief was not available to Robbins under Section 2255(f)(3).

Robbins characterizes the instant challenge to the New Mexico drug conviction as one that relies on *Mathis*, arguing that he was precluded by Tenth Circuit precedent from raising this claim in 2012, when he could have filed a timely Section 2255 motion. (Doc. 24, p. 18). But that assertion is belied by the cases he cites in support of his argument. *Brooks*, which overruled the Tenth Circuit's prior approach to analyzing a statute's maximum sentence in *Hill*, relied on the 2010 Supreme Court decision in *Carachuri-Rosendo*. Therefore, the argument that Brooks successfully pursued could have been raised by Robbins, had it occurred to him to do so, in his 2011 sentencing proceeding, in a direct appeal, and/or in a timely-filed Section 2255 motion. Nothing in the *Mathis* decision created an opening for Robbins to bring this challenge; the claim could have been raised long before *Mathis* was announced. Accordingly, Section 2255 was not inadequate or ineffective to permit Robbins to raise this claim. *See* 28 U.S.C. § 2255(e) (only if Section 2255 is "inadequate or ineffective to test the legality of his detention," may a petitioner seek habeas relief under Section 2241); *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998); *see also Roundtree v. Krueger*, -- F.3d --, No. 14-3696, 2018 WL 6377720 (7th Cir. Dec. 6, 2018).

Robbins is therefore not entitled to relief on the 9-year-maximum sentence issue in this proceeding, despite Respondent's failure to brief this matter.

Returning to the other issues which Robbins has raised for the first time in his reply to the motion to dismiss, this Court "is entitled to find that an argument raised for the first time in a reply brief is forfeited." *Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009); *see also United States v.*

*Terzakis*, 854 F.3d 951, 957 (7th Cir. 2017). But the Court deems it appropriate to allow for a full briefing, particularly on the issue of the controlled substance analog element in the New Mexico statute, rather than consider the new arguments to be forfeited. Respondent shall therefore be directed to answer the Petition. Robbins shall then have an opportunity to reply to any arguments raised by Respondent, before the Court makes a final determination on the merits. No additional argument is necessary on the 9-year maximum sentence issue, which shall not be considered further.

**IT IS HEREBY ORDERED** that Respondent's Motion to Dismiss (Doc. 13) is **DENIED without prejudice**. Respondent shall answer the Section 2241 petition (Doc. 1) or otherwise plead on or before **January 21, 2019**. Respondent's answer shall also include any argument in response to the new matters raised in "Petitioner's Opposition to Respondent's Motion to Dismiss" (Doc. 24), summarized above.

**IT IS SO ORDERED.**

DATED: December 21, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**